TALLMAN, Circuit Judge,
dissenting:
I respectfully dissent. The issue in this case is whether Atanda was sentenced to a term of imprisonment of “at least one year” for his five forgery convictions for which he went to prison, not the county jail.[1] See 8 U.S.C. § 1101(a)(43)(R). During the pleading stage of his immigration proceeding, Atanda admitted he was so sentenced. That should be the end of it. Under our recent decisions in Perez-Mejia v. Holder, 663 F.3d 403 (9th Cir.2011), and Pagayon v. Holder, 675 F.3d 1182, 2011 WL 6091276 (9th Cir.2011), we should hold Atanda to his judicial admission and deny his petition for review.
When an alien makes an admission at the pleading stage of his immigration proceeding, and the Immigration Judge (“IJ”) accepts the admission, “no further evidence concerning the issues of fact admitted or law conceded is necessary.” Perez-Mejia, 663 F.3d at 414 (citing 8 C.F.R. § 1240.10(c)). If the IJ is not “satisfied” with an admission, or if the admission leaves material issues in dispute, “the removal hearing enters an evidentiary stage during which the IJ receives admissible evidence on any issue not resolved to his satisfaction at the pleading stage.” Id. at 411. Despite this seemingly simple procedure, we have recognized that removal proceedings “are ‘not always neatly divided into pleading and evidentiary stages.’ ” Pagayon, 2011 WL 6091276, at *5 (quoting Perez-Mejia, 663 F.3d at 415 n. 10). That is probably the case here, where two different immigration judges handled different phases of the proceeding against Atanda.
At the pleading-stage, the first IJ heard Atanda’s admission about his felony sentence term. The IJ relied on the admission, noting that the only issues left to be resolved at Atanda’s further proceedings were citizenship and withholding of removal. During Atanda’s later hearing, however, the second IJ “detoured into the evidentiary phase of the proceedings,” id., by briefly acquainting herself with the record. She consulted Atanda’s Abstract of Judgment and quickly noted the obvious: the document does not state a term for Atanda’s forgery sentence because it was stayed under California Penal Code § 654. Because the Abstract of Judgment was ambiguous, the second IJ — in an apparent attempt to reaffirm Atanda’s earlier admission — simply asked Atanda how much time he had actually served. Atanda responded that he “was asked to serve thirty-two months.” Satisfied with this response, the second IJ moved onto other issues.
I do not read the second IJ’s “subsequent colloquy” about the Abstract of Judgment to “suggest that either IJ believed that the issue required further evidence.” Id. I simply read it as a substitute IJ performing due diligence in a case that did not originate before her. Under our precedent and the federal regulations governing immigration proceedings, I would hold that Atanda is bound by his admission as to the length of his prison sentence.
Atanda aptly notes that we have refused to bind an alien to his pleading-stage admission if it is “patently inaccurate,” Gar *627 cia-Lopez v. Ashcroft, 384 F.3d 840, 844 n. 4 (9th Cir.2003), or incorrect “as a matter of law.” Mandujano-Real v. Mukasey, 526 F.3d 585, 588 (9th Cir.2008). But Atanda’s admission does not fall into either category. He argues that his Abstract of Judgment shows that he was not sentenced to at least one year on his forgery convictions after he was convicted of embezzling a half-million dollars from his employer. But the Abstract of Judgment says no such thing. It is silent as to sentence term because the sentence was stayed under California Penal Code § 654.
In contrast, Atanda himself was neither silent nor uncertain. He admitted to two different IJs that he was sentenced to at least one year for his $500,000 forgery, and his brief to the Bureau of Immigration Appeals suggests the same: “[Atanda] was sentenced to the lower term of 365 days.... Being sentenced to a year ... does not mean that my sentenced [sic] is more than a year....” Because the statute only requires that Atanda was sentenced to at least one year, this latter admission of a 365-day sentence should also end our inquiry.
While I agree that we cannot accept admissions that are legally impossible or plainly contradicted by the record, I do not believe this case presents such a scenario. Atanda is not a sympathetic alien we should bend over backwards to help. Both IJs recognized that fact. I would deny Atanda’s petition for review, and I respectfully dissent.

. In California, a conviction for felony forgery is punishable by imprisonment in the state prison for a term of years. See Miller v. Mendoza-Powers, No. 1:06-cv-0476, 2008 WL 4570466, at *3 (E.D.Cal. Oct. 14, 2008).